THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARYLIN TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DULCIE O'SULLIVAN, et al.,<br><br>　　　　　Defendants. | CASE NO. C13-1479-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 11) and Plaintiff's motion to strike (Dkt. No. 10), motion for default (Dkt. No. 12) and motion for default judgment (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion to dismiss without prejudice, DENIES Plaintiff's motions to strike and for default, and terminates Plaintiff's two other motions (Dkt. Nos. 19, 20) for the reasons explained herein.

**I.　　BACKGROUND**

On August 19, 2013, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Dkt. No. 1.) Magistrate Judge Tsuchida granted the motion and recommended that the complaint be reviewed under 28 U.S.C. § 1915(e) before issuance of summons. (Dkt. No. 3.) After reviewing the complaint, which made state-law claims and claims under 42 U.S.C. §§ 1983 and 1985, this Court dismissed the complaint on September 16, 2013, for failing to provide any details about

the alleged violations. (Dkt. No. 6.) Plaintiff was granted leave to amend within twenty days. (*Id.*)

On October 10, 2013—three days after the Court's deadline for amending—Plaintiff filed an Amended Complaint. (Dkt. No. 8.) The Amended Complaint states claims for breach of contract and negligence, and also refers to the First Amendment and Fourteenth Amendment. (Dkt. No. 8.) Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II. DISCUSSION

### A. Pleading Standard and Leave to Amend

A party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. A claim that fails to present a "cognizable legal theory" or sufficient facts to support a cognizable claim will be dismissed under Rule 12(b)(6). *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

A court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Dismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

### B. Motions to Strike and for Default

Plaintiff argues that all submissions from Defendant's attorneys must be stricken because they did not ask this Court's permission to intervene under Fed. R. Civ. P. 24. (Dkt. No. 10.) But Rule 24 governs intervention by third parties, not submissions from a party's attorneys. Attorney Vanessa Lee has made all submissions for Defendants and she properly entered her notice of

appearance. (Dkt. No. 9.) The Court therefore denies Plaintiff's motion to strike.

Plaintiff also moves for entry of a default judgment on the basis that Defendants have failed to defend the lawsuit. But Defendants timely filed a motion to dismiss, which tolls the deadline for Defendants to file an answer to the complaint. *See, e.g.*, *Sample v. O'Hara*, 481 Fed.App'x 319, 320 (9th Cir. 2012). The Court therefore denies Plaintiff's motions for a default and a default judgment.

### C. Procedural Irregularities

Defendants state briefly that Plaintiff's Amended Complaint should be dismissed because it was filed late. (Dkt. No. 11 at 5.) Defendants do not argue that they have suffered any prejudice, and the Ninth Circuit has recognized that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Plaintiff is proceeding *pro se* and filed the Amended Complaint only a few days late. Without condoning this delay, the Court nevertheless recognizes that it is preferable to proceed on the merits so declines to dismiss on this basis.

Plaintiff, in turn, argues that Defendants' motion to dismiss was procedurally deficient because the legal assistant who mailed it accidentally failed to include her name next to the "s/" on the signature line. (Dkt. No. 19.) Plaintiff does not suggest that she did not receive the motion to dismiss. Neither does she argue that she was prejudiced by the omission of the name on the signature line. (Dkt. No. 19.) The legal assistant has filed an affidavit affirming that she mailed the motion to dismiss. (Dkt. No. 18.) As noted above, there is a strong preference to deciding cases on the merits, so the Court will consider Defendants' motion.

### D. Failure To State A Claim

Plaintiff's Amended Complaint states two causes of action: breach of contract and negligence. Her factual allegations, however, fail to suggest that there was a contract or that there was any conduct that might be interpreted as the existence of a contract. With no evidence of a contract, Plaintiff has failed to adequately plead breach of contract. Similarly, Plaintiff's

allegations of negligence merely gesture at unspecified "errors and omissions," a failure "to conform to the standard of care," and "a breach of the standard of care and trust." (Dkt. No. 8 at 3.) Her factual allegations mention "calibration data and results" but there is no suggestion about what the data was and the relationship between Plaintiff and Defendants. Even reading Plaintiff's complaint generously, it fails to describe facts that are sufficient to state a claim for either breach of contract or negligence.

Although not styled as causes of action, Defendant's Amended Complaint also accuses Defendants of "making false accusations and otherwise unlawfully conspir[ing] against Plaintiff . . . with the result that criminal proceedings were wrongfully initiated in order to discourage Plaintiff[']s] political activity and other protected First Amendment conduct." (Dkt. No. 8 at 1–2.) Plaintiff further alleges that these actions were intentionally discriminatory in violation of the Fourteenth Amendment. (*Id.*) There is no description of what criminal proceedings were initiated or what "political activity and other protected First Amendment conduct" was discouraged. Plaintiff states that the defendants had a goal of having Plaintiff arrested, but it is not clear from the Amended Complaint whether Plaintiff was actually arrested. Plaintiff's opposition motion (Dkt. No. 16) also suggests an arrest, but provides no facts about when, where, or on what basis she was arrested, or how the defendants were related to any arrest. There is no also no indication about how or whether these allegations are related to the factual allegations concerning "calibration data."

In short, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Plaintiff has already been granted leave to amend once. But Plaintiff's Amended Complaint includes more detail then her original complaint and includes allegations that could, in theory, be properly supported with additional facts. Particularly in light of her *pro se* status, the Court is unconvinced that further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (denial of second leave to amend was improper in part because plaintiff was proceeding *pro se*). Plaintiff is therefore granted leave to amend a second amended

ORDER
PAGE - 4

complaint by January 10, 2014. Plaintiff is reminded that, even though she is proceeding *pro se*, she must nonetheless comply with deadlines established by this Court. If no amended complaint is filed by that date, or if the allegations do not remedy the deficiencies identified in this order, the matter will be closed.

Plaintiff has filed two other submissions which are styled as motions. (Dkt. Nos. 19, 20.) These appear to repeat some of the arguments in the motions that the Court has dismissed. It is unclear whether they may also contain requests that would be relevant if Plaintiff files an adequate complaint. In light of this dismissal without prejudice, the Court terminates these pending motions. (Dkt. Nos. 19, 20). If Plaintiff files an adequate complaint, then Plaintiff can request to re-note either or both of these motions and the Court will consider them at that time.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's motions to strike and for default and default judgment are DENIED. (Dkt. Nos. 10, 12, 13.) Defendant's motion to dismiss (Dkt. No. 11) is GRANTED without prejudice. Plaintiff must file any amended complaint by January 10, 2014. The Clerk is respectfully directed to terminate the other pending motions. (Dkt. Nos. 19, 20.)

DATED this 20th day of December 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE