THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARYLIN TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DULCIE O'SULLIVAN,<br><br>　　　　　Defendant. | CASE NO. C13-1479-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 24) and Plaintiff's motion to dismiss the motion to dismiss (Dkt. No. 26). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motion (Dkt. No. 24) and DENIES Plaintiff's motion (Dkt. No. 26) for the reasons explained herein.

I.     BACKGROUND

On August 19, 2013, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Dkt. No. 1.) Magistrate Judge Tsuchida granted the motion and recommended that the complaint be reviewed under 28 U.S.C. § 1915(e) before issuance of summons. (Dkt. No. 3.) After reviewing the complaint, which made state-law claims and claims under 42 U.S.C. §§ 1983 and 1985, this Court dismissed the complaint on September 16, 2013, for failing to provide any details about the alleged violations. (Dkt. No. 6.) Plaintiff was granted leave to amend within twenty days.

(*Id.*)

Plaintiff filed an Amended Complaint. (Dkt. No. 8.) The Amended Complaint stated claims for breach of contract and negligence, and also referred to the First Amendment and Fourteenth Amendment. (Dkt. No. 8.) The Court again dismissed the complaint, but in light of Plaintiff's *pro se* status and the fact that her Amended Complaint contained significantly more detail, again granted Plaintiff leave to amend. (Dkt. No. 22.)

Plaintiff filed a Second Amended Complaint, again stating claims for breach of contract and negligence. (Dkt. No. 23.) Defendants move to dismiss. (Dkt. No. 24.)

## II. DISCUSSION

### A. Pleading Standard and Leave to Amend

A party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. A claim that fails to present a "cognizable legal theory" or sufficient facts to support a cognizable claim will be dismissed under Rule 12(b)(6). *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

A court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Dismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

### B. Plaintiff's "Motion to Dismiss"

Plaintiff has filed a "motion to dismiss" Defendants' motion on the basis that Defendants filed their motion to dismiss in bad faith because Plaintiff had filed a notice of unavailability. But Defendants filed their motion to dismiss on January 17, 2014. Plaintiff did not file her "notice of

unavailability" until January 21, 2014. (Dkt. No. 25.) Defendants could not have known about the notice when they filed their motion to dismiss so any claim of bad faith is unfounded. Assuming that Plaintiff did not receive Defendants' motion until February 10, as she states, she has had sufficient time to file a response, but has instead chosen merely to object to the date on which the motion to dismiss was filed. And there is no prejudice because it is clear that the Second Amended Complaint fails to address the deficiencies that the Court previously identified.

To the extent that her motion to file a third amended complaint is construed as a response, it is considered below.

### C.     Second Amended Complaint

Plaintiff's Second Amended Complaint again states two causes of action: breach of contract and negligence. (Dkt. No. 23 at 4.) Plaintiff again fails to suggest that there was a contract or that there was any conduct that might be interpreted as the existence of a contract. (Dkt. No. 22 at 3.) Plaintiff merely states in a conclusory fashion that "Plaintiff Taylor contracted with the Department of Planning and Development, City of Seattle, Washington to perform the professional services previously alleged herein." (Dkt. No. 23 at 4.) The only possible "professional services" identified in the complaint relate to unspecified "calibration data and results." (*Id.* at 3.) As was true of the previous complaint, there is no suggestion about what the data was and what relationship may have existed between Plaintiff and Defendants. (Dkt. No. 22 at 4.) And as Defendants note, Plaintiff's negligence claim merely recites the elements of a negligence cause of action. (Dkt. No. 24 at 6.)

Plaintiff has been given two opportunities to cure the deficiencies in her complaint. The Court's previous order described what descriptions required more elaboration, yet the deficiencies in this complaint are nearly identical to those in her first amended complaint. In these circumstances, the Court concludes that further leave to amend would be futile and dismisses Plaintiff's Second Amended Complaint with prejudice.

### D.     Plaintiff's Motion for Leave to File Third Amended Complaint

To the extent that Plaintiff's motion to file a third amended complaint (Dkt. No. 27) is construed as a further response to Defendants' motion to dismiss, it is untimely. Even if the Court considers the arguments it raises, however, it provides no reason not to dismiss this action. It contains more detail, but the relevant legal discussion remains conclusory.

Moreover, there is no indication that this Court would have jurisdiction over the claims in the proposed amended complaint. Plaintiff's previous complaints gestured at constitutional violations. Plaintiff's proposed third complaint states that the Court has subject-matter jurisdiction because of violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fourteenth Amendment. But Plaintiff's factual allegations relate solely to her two stated causes of action: breach of contract and negligence. This Court can identify no potential basis for federal jurisdiction in what appears to be a housing-related dispute implicating landlord-tenant law. Therefore, even if this Court were to consider Plaintiff's arguments in this motion, amendment would be futile, and dismissal would still be appropriate.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 24) is GRANTED.

DATED this 14th day of March.

John C. Coughenour
UNITED STATES DISTRICT JUDGE